

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SKY MANAGEMENT CORP., a ⟩
New York corporation, individually and ⟩
as the representative of a class of similarly ⟩
situated persons, ⟩
                                    ⟩
           Plaintiff, ⟩
                                    ⟩
       v. ⟩
                                      ⟩
CALL-A-HEAD CORP., CALL-A-HEAD ⟩
PORTABLE TOILETS, INC., ⟩
CALL-A-HEAD FUEL DIVISION INC., ⟩
CHARLES W. HOWARD, ⟩
CHARLES P. HOWARD, and ⟩
JOHN DOES 1-10. ⟩
                                    ⟩
          Defendants. ⟩

Civil Action No.:

**CLASS ACTION COMPLAINT**

14 CV 2501

JUDGE RAKOFF

Plaintiff, SKY MANAGEMENT CORP. ("Plaintiff" or "Sky Management"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants CALL-A-HEAD CORP., CALL-A-HEAD PORTABLE TOILETS, INC., CALL-A-HEAD FUEL DIVISION INC. (collectively, "Call-A-Head"), CHARLES W. HOWARD ("C.W. Howard"), CHARLES P. HOWARD ("C.P. Howard") and JOHN DOES 1-10 (collectively, "Defendants").

## PRELIMINARY STATEMENT

1.     This action seeks to redress Defendants' unlawful policy and practice of faxing unsolicited advertisements to recipients who have not authorized the receipt of such intrusive and burdensome communications.

2.     The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, as amended by the Junk Fax Prevention Act of 2005 (together, the "TCPA"), and the regulations promulgated thereunder, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation; and up to $1,500.00 per intentional violation.

3.     Congress enacted the TCPA to prevent, *inter alia*, the faxing of unsolicited advertisements to persons who have not provided invitation or permission to receive such faxes. Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses.

4.     Unsolicited faxed advertisements cause damage to their recipients. The recipient of a junk fax loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time it would have spent engaged in other activities. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

5.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and New York's General Business Law.

## JURISDICTION AND VENUE

6.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 (TCPA).

2

7.      Venue and personal jurisdiction in this District are proper because a significant portion of the events took place here, and Defendants all regularly engaged in business activities within the District.

8.      Statutory damages for each of Defendants' violations of the TCPA are available in this District under the Second Circuit's most recent pronouncement on the issue. *See Bank v. Independence Energy Group LLC*, No. 13-1746 (2d Cir. Dec. 3, 2013).

**PARTIES**

9.      Plaintiff Sky Management is a New York corporation that has its principal place of business in New York County, New York.  Sky Management is in the business of owning and managing rental properties in New York City.  Plaintiff is, and at all times mentioned herein was, a "person" as defined in 47 U.S.C. § 153(39).

10.      Upon information and belief, Defendant Call-A-Head Corp., is a New York corporation with its principal place of business at 304 Crossbay Blvd., Broad Channel, New York 11693.  Defendant Call-A-Head Corp. is in the business of supplying portable toilets in the five boroughs of New York City and Nassau and Suffolk counties.  Defendant Call-A-Head Corp. is, and all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

11.      Upon information and belief, Defendant Call-A-Head Portable Toilets, Inc., is a New York corporation with its principal place of business at 304 Crossbay Blvd., Broad Channel, New York 11693.  Defendant Call-A-Head Portable Toilets, Inc. is in the business of supplying portable toilets in the five boroughs of New York City and Nassau and Suffolk Counties.  Defendant Call-A-Head Portable Toilets, Inc. is, and all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

12.      Upon information and belief, Defendant Call-A-Head Fuel Division Inc., is a

3

New York corporation with its principal place of business at 304 Crossbay Blvd., Broad Channel, New York 11693. Defendant Call-A-Head Fuel Division Inc. is in the business of supplying portable toilets in the five boroughs of New York City and Nassau and Suffolk Counties. Defendant Call-A-Head Fuel Division Inc. is, and all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

13.     Upon information and belief, Defendant C.W. Howard, is an individual residing in New York. Upon information and belief, C.W. Howard is the President, Chief Executive Officer and/or owner or shareholder of Defendant Call-A-Head. Defendant C.W. Howard is, and at all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

14.     At all times material to this Complaint, acting alone or in concert with others, C.W. Howard has formulated, directed, controlled, had the authority to control, or participated in the acts and practices alleged herein. Upon information and belief, C.W. Howard transacted business personally and on behalf of Call-A-Head in this district and throughout the United States.

15.     Upon information and belief, C.W. Howard has exercised complete dominion and control over Call-A-Head such that this company is his alter ego, a sham, façade, and mere instrumentality for his personal benefit, and he has disregarded and abused the corporate form and structure of the company.

16.     Upon information and belief, Defendant C.P. Howard, is an individual residing in New York. Upon information and belief, Howard is the President, Chief Executive Officer and/or owner or shareholder of Defendant Call-A-Head. Defendant C.P. Howard is, and at all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

17.     At all times material to this Complaint, acting alone or in concert with others,

4

C.P. Howard has formulated, directed, controlled, had the authority to control, or participated in the acts and practices alleged herein. Upon information and belief, C.P. Howard transacted business personally and on behalf of Call-A-Head in this district and throughout the United States.

18.     Upon information and belief, C.P. Howard has exercised complete dominion and control over Call-A-Head such that this company is his alter ego, a sham, façade, and mere instrumentality for his personal benefit, and he has disregarded and abused the corporate form and structure of the company.

19.     Upon information and belief, Defendants John Does 1-10 are fax broadcasters that assisted Defendant Call-A-Head with the faxing of the subject unsolicited fax advertisement.

<strong>DEFENDANTS' UNLAWFUL ACTIONS</strong>

20.     Upon information and belief, Defendant Call-A-Head supplies portable toilets in the five boroughs of New York City and Nassau and Suffolk Counties.

21.     As part of Call-A-Head's marketing strategy, Defendants unlawfully sent Plaintiff and numerous other unsuspecting recipients unsolicited faxes "To Whom it May Concern" advertising Call-A-Head's portable toilet business for the recipient's "new construction job."

22.     On or about February 21, 2014, Defendant Call-A-Head sent, or caused to be sent, by facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine promoting its portable toilet supply business. A copy of the facsimile is attached hereto and marked as Exhibit A (hereinafter, the "Faxed Advertisement").

23.     On or about February 21, 2014, Plaintiff received the Faxed Advertisement on its facsimile machine, which has the number (212) 759-5229.

5

24.    Upon information and belief, the Faxed Advertisement was sent as part of a mass broadcasting of faxes to promote Defendant Call-A-Head's portable toilet supply business.

25.    The facsimile encourages the recipient to call Call-A-Head at (800) 634-2085 to place an order and also provides its website address (www.callahead.com).  Upon information and belief, Call-A-Head is the registrant of the website www.callahead.com and Call-Ahead, C.W. Howard, and/or C.P. Howard owns, controls and maintains that website as well as the toll free telephone number included in the Faxed Advertisement.

26.    Plaintiff had no prior relationship with Defendants and had not authorized the sending or receipt of the Faxed Advertisement to Plaintiff's facsimile machine.

27.    Upon information and belief, Defendants sent the Faxed Advertisement to numerous persons utilizing the assistance of a third-party fax broadcaster.  The Faxed Advertisement does not provide any information that can be used if a recipient wants to be removed from Defendants' "list."

28.    Upon information and belief, Defendants Call-A-Head, C.W. Howard and C.P. Howard, as part of Call-A-Head's system-wide marketing, have sent unsolicited and unauthorized facsimile advertisements identical or similar to the Faxed Advertisement received by Plaintiff to hundreds if not thousands of other recipients through the use of a third-party fax broadcaster and lists provided by such entity.

29.    Upon information and belief, Defendants intend to continue to send similar unsolicited fax advertisements to persons in New York and throughout the United States.

30.    Upon information and belief, Defendants John Does 1-10 were highly involved in the dissemination of Defendants' Faxed Advertisement.

31.    There is no reasonable means for Plaintiff or other recipients of Defendants'

6

Case 1:14-cv-02501-JSR Document 2 Filed 04/09/14 Page 7 of 14

unsolicited advertising faxes to avoid receiving such unwanted faxes. Fax machines are left on

and ready to receive the time sensitive communications authorized by their owners.

## CLASS ACTION ALLGATIONS

### A.  The Class.

32.    Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil

Procedure on behalf of itself and all others similarly situated.

33.    Plaintiff proposes the class and sub-class defined as follows:

> All persons who, within four years before the filing of the initial
> Complaint, received at least one unsolicited facsimile containing
> an advertisement that was initiated by or was sent on behalf of
> Defendant Call-A-Head promoting its business, with whom
> Defendants did not have an established business relationship, and
> who did not voluntarily communicate such number to Call-A-Head
> or voluntarily agree to make available its facsimile number for
> public distribution (hereinafter, the "Class").

> All persons within the State of New York who, within four years
> before the filing of the initial Complaint, received at least one
> unsolicited facsimile containing an advertisement that was initiated
> by or was sent on behalf of Defendant Call-A-Head promoting its
> business, with whom Defendants did not have an established
> business relationship, and who did not voluntarily communicate
> such number to Call-A-Head or voluntarily agree to make
> available its facsimile number for public distribution (hereinafter,
> the "Sub-Class").

> Excluded from the Class and the Sub-Class are Defendants, their
> officers, directors, employees, agents, and members of the
> Judiciary.

### B.  Numerosity.

34.    The Faxed Advertisement is a mass-faxed form advertisement. Therefore, the

members of the Class and Sub-Class are believed to be so numerous that joinder of all members

is impractical.

35.    Upon information and belief, Defendants faxed thousands of unsolicited

7

advertisements identical or similar to the Faxed Advertisement.

36.     The exact number and identify of the class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from the Defendants' records.

37.     Plaintiff reasonably believes that there are thousands of persons who are members of the Class and Sub-Class.

## C.     Common Questions of Law and Fact.

38.     Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

(a)     Whether Defendants sent unsolicited fax advertisements;

(b)     Whether Defendants' facsimiles advertised the commercial availability of property, goods or services;

(c)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other identical or similar unsolicited faxed advertisements;

(d)     Whether Defendants faxed advertisements without first obtaining the recipients' prior permission or invitation;

(e)     Whether Defendants sent the faxed advertisements knowingly;

(f)     Whether Defendants violated the provisions of 47 U.S.C. § 227;

(g)     Whether Plaintiff and the other members of the Class and Sub-Class are entitled to statutory damages; and

(h)     Whether the Court should award treble damages.

8

**D.    Typicality.**

39.    Plaintiff's claims are typical of the claims of the class members since each of the claims arises from receipt of a fax transmission identical or substantially similar to the Faxed Advertisement annexed hereto as Exhibit A.

40.    Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute, and for the members of the Sub-Class on the same New York State statute.

**E.    Fair and Adequate Representation.**

41.    Plaintiff will fairly and adequately represent and protect the interests of the Class and Sub-Class.  It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class and Sub-Class.

**F.    Need for Consistent Standards and Practical Effect of Adjudication**.

42.    Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

**G.    Common Conduct.**

43.    Class certification is also appropriate because Defendants have acted in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

**H.    Predominance and Superiority.**

44.    Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

9

(a)     Proof of the claims of Plaintiff will also prove the claims of the Class and Sub-Class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records and will not require individualized or separate inquires or proceedings;

(c)     Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)     The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)     This case is inherently managed as a class action in that:

(i)     Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)    Liability and damages can be established for Plaintiff and the Class and Sub-Class with the same common proof;

(iii)   Statutory damages are provided for in the statutes and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

(v)     A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi)    As a practical matter, the claims of the Class and Sub-Class are likely to

go unaddressed absent class certification.

## COUNT I - TCPA

45.    Plaintiff incorporates paragraphs 1 – 31 above as if set forth herein at length.

46.    The TCPA makes unlawful the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone facsimile machine."

47 U.S.C. § 227(b)(1)(C).

47.    The TCPA defines "unsolicited advertisement" as "any material advertising the

commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

48.    The TCPA provides:

> 3.    Private right of action. A person may, if otherwise
> permitted by the laws or rules of court of a state, bring in an
> appropriate court of that state:
>
> (A)    An action based on a violation of this subsection or
> the regulations prescribed under this subsection to enjoin such
> violation,
>
> (B)    An action to recover for actual monetary loss from
> such a violation, or to receive $500 in damages for each such
> violation, whichever is greater, or
>
> (C)    Both such actions.

47 U.S.C. § 227(b)(3)

49.    The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the

other class members even if their actions were only negligent.

50.    Defendants knew or should have known that (a) Plaintiff and the other class

members had not given invitation or permission for Defendants or anybody else to fax

11

advertisements about Call-A-Head's goods or services, (b) that Plaintiff and the other class members did not have an established business relationship with Defendants, and (c) that Exhibit A is an advertisement.

51.    Defendants violated the TCPA by transmitting Exhibit A, or an unsolicited advertisement substantially similar thereto, to Plaintiff and the other members of the Class without obtaining their prior permission or invitation.

## COUNT II – NEW YORK GBL § 349

52.    Plaintiff incorporates paragraphs 1 – 31 above as if set forth herein at length.

53.    The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

54.    Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

55.    Defendants' actions caused damages to Plaintiff and the other members of the Sub-Class. Receiving Defendants' junk faxes caused the recipients to lose paper and ink or toner consumed in the printing of Defendants' faxes.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and each class member and against Defendants as follows:

a.    As to Count I, that the Court adjudge and decree that the present case may be properly maintained as a class action for Defendants' violation of the TCPA, such Class consisting of all persons who received the Faxed Advertisement or an unsolicited faxed advertisement identical or substantially similar thereto; appoint Plaintiff as the representative of the Class: and appoint Plaintiff's counsel as counsel for the Class;

b.    As to Count II, that the Court adjudge and decree that the present case may be properly maintained as a class action for Defendants' violation of New York GBL § 349, such Sub-Class consisting of all persons who received the Faxed Advertisement or an unsolicited faxed advertisement identical or substantially similar thereto to a fax machine located in New York; appoint Plaintiff as the representative of the Sub-Class; and appoint Plaintiff's counsel as counsel for the Sub-Class;

c.    Actual or statutory damages under the TCPA;

d.    Treble damages under the TCPA;

e.    Actual or statutory damages under New York GBL § 349;

f.    Treble damages under New York GBL § 349;

g.    An injunction against the further transmission of unsolicited faxes;

h.    Reasonable attorneys' fees;

i.    Costs of suit; and

j.    Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all

issues in this action so triable as of right.

Dated:  White Plains, New York
        April 9, 2014

DENLEA & CARTON LLP

Jeffrey A. Carton (jc8296)
Kerry Ford Cunningham (kf1825)
One North Broadway, Suite 509
White Plains, New York 10601
Tel: (914) 920-7400
Fax: (914) 761-1900
jcarton@denleacarton.com
kcunningham@denleacarton.com
*Attorneys for Plaintiff*

14